ALTENBERND, Judge.
The former husband, Mark S. Weiss-man, a medical doctor, seeks certiorari review of a September 5, 2012, order that was entered postjudgment in the dissolution proceeding between him and his former wife. This court previously granted certiorari relief as to a portion of an emergency ex parte order that was entered by the trial court after the entry of this order. See Weissman v. Weissman, 102 So.3d 718 (Fla. 2d DCA 2012). In this case, we also grant relief as to a portion of the order.
We will not repeat in this opinion the background facts that were provided in the earlier opinion. In essence, the former husband has a relationship with another woman who has apparently created significant parenting issues for this divorced couple. While a petition and counterpetition for modification of the final judgment have been pending, the trial court has entered temporary orders that restricted the former husband’s participation in many parental decisions and limited his contact with the children. Although the order challenged in this proceeding is a procedurally uncommon order, we decline to hold that the trial court departed from the essential requirements of the law in entering it.
*737 Two aspects of the order, however, concern us. First, the order gives the former wife “temporary sole parental responsibility over the parties’ three minor children’s health care, including mental health care.” In light of the psychologists’ reports and the discussion in the earlier opinion, we understand the trial court’s decision to exclude the former husband from decisions involving the children’s mental health care. On the other hand, the former husband is a fully trained, licensed physician. If one of his children needed medical care other than mental health care, we see nothing in this record that would justify barring the former husband from participating in such medical decisions.
Second, the order is intended to be temporary, but it provides no guidance as to when these significant restrictions on parental rights will end or what the former husband needs to do for these restrictions to be removed. The order simply recites that it will remain in place “[ujntil further order of the court.” It may be that the trial court anticipates that it will resolve these issues in an order addressing the pending petitions for modification at a hearing in the near future. If so, that is not explained in this order. On the face of this order, it could continue “temporarily” until the children reach majority.
In this procedural context, these errors are not matters that can be adequately addressed in any subsequent direct appeal. Moreover, the first error' impacts his fundamental liberty interest in parenting a child by restricting his participation in medical decisions. The second error raises additional serious due process concerns. We conclude that these errors are proper matters to address by certiorari. Accordingly, we deny relief except to the extent that the trial court shall modify the provision barring the former husband from participating in medical decisions affecting his children and shall further explain the timing and circumstances of the future order intending to replace this temporary order.
Petition for writ of certiorari granted in part and denied in part.
CASANUEVA and KHOUZAM, JJ., Concur.